[Cite as *State v. Little*, 2014-Ohio-1342.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2012-L-093** |
| - vs - | : | |
| JEFFREY M. LITTLE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 11CR000740.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Aaron T. Baker,* 38109 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jeffrey M. Little, appeals his conviction, following a guilty plea, to two counts of robbery. Appellant argues the trial court erred in continuing his sentencing hearing to make findings in support of his consecutive sentences because the record does not show he was present at the continued hearing. At issue is whether the record shows that appellant was not present at his sentencing hearing. For the reasons that follow, we affirm.

{¶2} On March 9, 2012, appellant was charged by information with two counts of robbery, each being a felony of the second degree, in violation of R.C 2911.02(A)(2). Appellant and the state entered a plea bargain pursuant to which appellant would plead guilty to both counts and the state would recommend no more than ten years in prison. On March 23, 2012, appellant waived his right to prosecution by indictment, and requested that he be charged by information. On the same date, appellant pled guilty to both counts of robbery. The trial court found that appellant's guilty plea was voluntarily entered; accepted his plea; found him guilty of both charges of robbery; and deferred sentencing for a pre-sentence report.

{¶3} The record reflects that on November 8, 2011, at about 11:30 p.m., the victims Sara Mooney and Stephanie Vivod were standing in front of a restaurant in downtown Willoughby when appellant walked passed them. The two women walked across the street to Ms. Vivod's car. While they were talking, appellant approached them and said, "I don't want to have to hurt you, give me your purses." As appellant walked toward Ms. Vivod, she ran away from him and appellant chased her in the middle of the street. Appellant yelled out to her, "I'll cut you." At that point, Ms. Mooney saw appellant pull out a knife. She shouted to Ms. Vivod, "run, he's got a knife." Ms. Vivod took off running and appellant then began chasing Ms. Mooney. A truck suddenly approached the scene and appellant fled down a nearby alley.

{¶4} Later that same night, at about 1:00 a.m., on November 9, 2011, appellant approached the victim Vince Canganelli outside a restaurant in nearby Willoughby Hills. Appellant pulled out a knife and placed the blade up to Mr. Canganelli's neck, demanding his wallet. Mr. Canganelli gave appellant his wallet containing $35 and

various credit and debit cards. Appellant then ran away. Later that night, appellant used Mr. Canganelli's debit card to make purchases at Wal Mart, Walgreen's, and a Shell gas station, totaling $1,200.

{¶5} The court held appellant's sentencing hearing on May 14, 2012. The record reflects that appellant and his attorney were present. Appellant's counsel spoke on appellant's behalf and requested a six-year sentence. Appellant also addressed the court, apologizing to the victims for his crimes.

{¶6} The victim Stephanie Vivod testified that appellant threatened to cut her and chased her with a knife. She said that appellant's crime has had such a huge impact on her, it will affect her for the rest of her life. She asked that the court impose the maximum sentence.

{¶7} Consistent with the parties' plea bargain, the prosecutor recommended that appellant be sentenced to a total of ten years in prison.

{¶8} The court noted that in 1996, appellant was convicted of theft. In 1998, he was convicted of leaving the scene of an accident. Later that year, he was convicted of assault. In 2001, he was convicted of drug abuse. In 2002, he was convicted of domestic violence. Later in 2002, he was convicted of possession of drugs. In 2003, he was convicted of drug abuse. In 2005, he was convicted of robbery, a felony of the second degree, for which he was sentenced to four years in prison. He was released from prison in July 2009. Then, in January 2010, he was convicted of disorderly conduct. Later that year, he was convicted of contempt of court. The court noted that just two years after appellant was released from prison in 2009 for another robbery, he committed the robberies in this case.

3

{¶9} The court sentenced appellant to two mandatory six-year terms in prison for each count of robbery, the two terms to be served consecutively, for a total of 12 years in prison.

{¶10} Two days after the court imposed appellant's sentence, on May 16, 2012, the court reconvened the parties for a continuation of the sentencing hearing for the court to make the statutory findings necessary to support appellant's consecutive sentences.

{¶11} After the court made these findings on the record, the court asked appellant's counsel if he had any objections to this continued sentencing hearing or if he wanted the court to conduct "the whole sentencing hearing over again from beginning to end." Appellant's counsel said, "No, Your Honor."

{¶12} Appellant did not timely appeal. Subsequently, he filed a motion for leave to file a delayed appeal, which this court granted. He asserts the following for his sole assignment of error:

{¶13} "The record does not demonstrate that appellant was present for the May 16, 2012 sentencing hearing, and therefore, the trial court erred in sentencing appellant in absentia in violation of Crim.R. 43(A)."

{¶14} Appellant argues that, because the record does not show he was present in court for the continuation of his sentencing hearing, the trial court erred in sentencing him. The argument fails for several reasons.

{¶15} First, we note that the prosecutor in her brief unconditionally states that appellant was in fact present at the continued sentencing hearing on May 16, 2012. Further, appellant does not dispute that he was present at this hearing.

4

**{¶16}** Moreover, contrary to appellant's argument, the record shows that appellant was present at the continued sentencing hearing. First, during that hearing, the trial court stated on the record that, "we are present once again," indicating that the parties who were present at the May 14, 2012 sentencing hearing, which included appellant, were once again present for the May 16, 2012 continued hearing. Second, the court's sentencing entry, filed after the May 16, 2012 hearing, states that appellant and his counsel were present in court for the sentencing.

**{¶17}** Further, appellant fails to draw our attention to anything in the record showing appellant was not present at the continued sentencing hearing. Without an affirmative showing on the record that the trial court erred, the reviewing court must presume the validity of the trial court proceedings. *State v. Bowens*, 11th Dist. Ashtabula No. 89-A-1463, 1991 Ohio App. LEXIS 3792, *26 (Aug. 9, 1991). In *Bowens*, this court stated, "'from what has been said about the presumption of validity and regularity of proceedings below, it has always been the Ohio rule, and still is, that error will not be presumed, but must be made to appear affirmatively on the record, or as it is sometimes stated, the burden is upon the appellant to show that error has occurred.'" *Id.*, quoting 5 Ohio Jurisprudence 3d (1978) 114-115, Appellate Review, Section 554.

**{¶18}** For the reasons stated in this opinion, the assignment of error is overruled. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

THOMAS R. WRIGHT, J., concurs with Concurring Opinion.

5

_____

THOMAS R. WRIGHT, J., concurs with Concurring Opinion.


{¶19} I agree with the majority's conclusion that appellant failed to demonstrate that he was not present at the continued sentencing hearing and that, therefore, we must presume the regularity of the proceedings and affirm. However, I disagree with the majority's conclusion that the record establishes that appellant was actually present at the continued sentencing hearing.

{¶20} While the majority correctly notes that at the beginning of the continued sentencing hearing the trial court stated, "we are present once again," that does not show that appellant was actually present. The use of the word "we" is nebulous to say the least and its meaning and use in that context is anybody's guess. "We" could mean the court, both counsel but no appellant, or the court, both counsel and appellant. Moreover, the judgment entry supporting the majority's conclusion that appellant was present at the continued sentencing hearing misstates its content. The judgment entry does not even reference the continued sentencing hearing let alone state that appellant was present. To the contrary, the entry simply states, "This day, to-wit: May 14, 2012, this matter came on for [appellant's] sentencing hearing * * *" and that appellant was present that day. To construe that entry as a statement that appellant was also present at the continued sentencing hearing is erroneous. The entry only states that appellant was present on May 14, which is not at issue.

{¶21} Nevertheless, for the reasons stated, I concur.